UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATYSHA SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-02358 (UNA) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss this matter without prejudice. The pending motion to issue subpoenas and introduce evidence, ECF No. 4, will be denied as moot.

Plaintiff, a resident of the District of Columbia, sues the District of Columbia, the Office of the Attorney General for the District of Columbia, the District of Columbia Department of Corrections, Family and Medical Counseling Service (located in the District), Kaiser [Permanente]'s Records Department (located in the District), and ABC Lab Corp. (located in Burlington, North Carolina). The complaint is far from a model in clarity. Plaintiff has also submitted a nearly 2000-page supporting statement of facts, ECF No. 3, and another nearly 100-page statement of facts, ECF No. 5, both of which serve to further confuse, rather than assist, in clarifying.

Plaintiff broadly alleges that defendants have violated the D.C. Code and her constitutional rights, but she fails to make out any cognizable claim. Instead, she presents a rambling discussion on various topics, which she maintains altogether comprise a widespread conspiracy to harm her, including defendants' alleged complicity in the tampering and disseminating her medical records,

sabotaging her ability to build, buy, or rent a home, investigating her employment circumstances and harassing her at work, causing her to endure unwarranted criminal arrests, convictions, and sentences, causing trauma and other physical and mental illnesses and diseases (in her and others), and engaging in human trafficking. She demands $2 million in damages for "pain and suffering, damages to [her] personal property, irreversible cosmetic damage to [her] nails, hair[,] and skin."

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief,

if any.  Consequently, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   October 11, 2022   　　　　　　　_____ s/s_____
　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge